**Salem**

BENJAMIN D. PINKARD, JR.

v.

NANCY HAMLIN PINKARD

No. 1261-90-3

Decided July 1, 1991

Counsel

Barry M. Tatel (Key and Tatel, on brief), for appellant.

David A. Melesco, for appellee.

Opinion

**MOON, J.**—Benjamin Pinkard contends on appeal that the trial court erred in granting him *pendente lite* support of $750 per month for only two months and in ordering that he vacate the marital residence during the pending divorce. We hold that the appeal of the claim of inadequacy of the *pendente lite* award is not an appeal from a "final order" or from an order "granting, dissolving or denying an injunction" or "adjudicating the princi-

ples of a cause." Code § 17-116.05.[1] We also hold that the order that appellant vacate the marital residence was an "injunction" within the discretion of the trial judge.

On appeal, we construe the evidence in the light most favorable to the appellee. Here, the appellant alleges he is a "house husband." The evidence showed that he earned approximately $17,000 a year as a realtor and his wife, the appellee, also a realtor, draws $2700 a month from a realty firm but probably earns about $75,000 a year. The parties between them have approximately one million dollars in marital assets. The appellant claimed that he was unable to earn enough money to meet his basic needs of $1900 per month. His wife testified that he chose not to work but preferred to remain intoxicated. She further testified that, although the marital residence was now marital property, she owned it before the marriage. She moved from the house upon separation but wished to return to it because the appellant was unwilling or incapable of maintaining it. The appellant testified that he had been afflicted with a health condition which prevented him from maintaining the property. Other evidence confirmed that the property was not being properly maintained.

The trial judge awarded Mr. Pinkard *pendente lite* support of $750 a month for two months and ordered him to leave the house pending the divorce. The trial judge reasoned that appellant was temporarily in need because of his drinking and could remedy his problem by not drinking and by going back to work.

---

[1] Any aggrieved party may appeal to the Court of Appeals from:

\* \* \*

3. Any final judgment, order, or decree of a circuit court involving:

a. Affirmance or annulment of a marriage;

b. Divorce;

\* \* \*

d. Spousal or child support;

\* \* \*

f. Any other domestic relations matter arising under Title 16.1 or Title 20; or

\* \* \*

4. Any interlocutory decree or order entered in any of the cases listed in this section (i) granting, dissolving, or denying an injunction or (ii) adjudicating the principles of a cause.

■ First, we must determine whether the *pendente lite* order is an appealable order. We have no jurisdiction over appeals from interlocutory decrees, except as given by statute. *See Lancaster v. Lancaster*, 86 Va. 201, 204, 9 S.E. 988, 989 (1889). To be appealable, Code § 17-116.05 requires a "final order," or "interlocutory decree or order . . . granting an injunction . . . [or] adjudicating the principles of a cause."

■ Both orders by the trial court were made pursuant to Code § 20-103, which provides for the authority to award support and maintenance of the parties pending the divorce proceeding. The trial court's action only made provisions relevant to circumstances of the parties pending the divorce. The trial judge did not adjudicate any issue raised in the pleadings that would of necessity affect the final order in the case. *See Lee v. Lee*, 142 Va. 244, 251-52, 128 S.E. 524, 527 (1925). To adjudicate the principles of a cause, the decree must determine the rules by which the court will determine the rights of the parties. *Id.* at 252, 128 S.E. at 527. The decree must determine that "the rules or methods by which the rights of the parties are to be finally worked out have been so far determined that it is only necessary to apply those rules or methods to the facts of the case in order to ascertain the relative rights of the parties, with regard to the subject matter of the suit." *Id.* at 252-53, 128 S.E. at 527; *see also Weizenbaum v. Weizenbaum*, 12 Va. App. 899, 407 S.E.2d 37 (1991) (where the legal principles determined in an interlocutory order were held to substantially dictate the final order in the case). Further, in addressing this issue, the Supreme Court has held that an award of *pendente lite* support in a suit between parties is an interlocutory order that does not adjudicate the principles of a cause and is therefore not appealable. *Beatty v. Beatty*, 105 Va. 213, 53 S.E. 2 (1906).

In *Beatty*, the wife filed a bill of complaint which sought, among other things, that the husband "be required to pay complainant such sums of money during the pendency of her suit as may be needful for the support of herself and child, and to defray the expenses of her suit." *Id.* at 214, 53 S.E. at 2. The husband demurred and filed an answer denying the material allegations of the bill of complaint. The trial judge overruled the demurrer and awarded the wife "a *pendente lite* allowance for her support until the further order of the court; and requir[ed] the defendant to pay

the costs of suit incurred by the complainant to the date of the decree, including a fee of $100 to her counsel." *Id.* The decree further referred the cause to a commissioner in chancery to determine the husband's assets as well as a reasonable allowance for the wife. From this decree, the husband appealed. In dismissing the appeal, the Supreme Court stated in pertinent part:

> Beyond making certain preliminary and temporary allowances, nothing was decided; on the contrary the cause was referred to a commissioner to take evidence and make certain inquiries, which the court deemed essential before finally adjudicating the rights of the parties. The decree appealed from had not responded to the chief object of the suit, which was to secure a permanent separate maintenance from the husband . . . .
>
> For this Court to pass upon the merits of the cause at this stage of the proceedings would be to finally adjudicate the rights of the parties in advance of such an adjudication by the lower court. We are of opinion that the cause should have been proceeded in further before an appeal was asked for or allowed.

*Id.* at 214, 53 S.E. at 3.

While *Beatty* was decided nearly ninety years ago, its reasoning is sound and of significant precedential value today. When *Beatty* was decided, the Supreme Court's appellate jurisdiction was controlled by Va. Code Ann. § 3454 (1887). Code § 3454 provided in pertinent part:

> Any person who is a party to any case in chancery wherein there is a decree or order dissolving an injunction, or requiring money to be paid, or the possession or title of property to be changed, or adjudicating the principles of a cause . . . .

The language of Code § 3454 substantially mirrors the language of Code § 17-116.05 in all material respects, including a provision for an appeal from an interlocutory decree which adjudicates the "principles of a cause." Much like *Beatty*, the present case addresses an award of support during the pendency of a suit between spouses. And as in *Beatty*, this award did not respond to the chief object of the suit which was to secure a divorce. The decree did

not adjudicate "the principles of a cause."

■ If, after entry of the final order in the case, the appellant alleges that the final judgment was adversely affected by the failure of the trial judge to grant *pendente lite* support or counsel fees, he may appeal the final order and seek a new trial. The mere possibility that a discretionary act by the trial court during the pendency of litigation may affect the final decision in the trial does not necessitate an immediate appeal. Code § 17-116.05 gives parties the right to appeal from certain interlocutory decrees. However, the parties may wait and appeal after the entry of a final decree. *See Hess v. Hess*, 108 Va. 483, 486, 62 S.E. 273, 274 (1908).

■ Here, at the end of two months, the appellant, if he had not obtained a job and could prove the need for *pendente lite* support, could have repetitioned the trial court for further support. The matter of *pendente lite* support remains within the control of the court and the court can change its mind while the matter is still pending before it. *See Freezer v. Miller*, 163 Va. 180, 197 n.2, 176 S.E. 159, 165 n.2 (1934). In fact, before the two month period ended, appellant re-petitioned the trial court for reconsideration of its order, the subject of this appeal. The appellant did not appear at the hearing or put on evidence to show need beyond the period. The trial court refused to reconsider its ruling.

■ With regard to ordering the husband to vacate the family home, we hold that there was no abuse of discretion by the trial judge. Code § 20-103(vi) provides specific authority for the trial judge to make such an order "for the exclusive use and possession of the family residence during the pendency of the suit." The evidence showed that the property required a great amount of maintenance, that the appellant, who drank excessively, was unable, or unwilling, and without sufficient funds to maintain the property, and that the wife was capable of maintaining the property. Thus, there was no abuse of discretion in allowing the wife to have possession.

*Affirmed.*

Koontz, C.J., and Barrow, J., concurred.