**Salem**

CHARLIE DAVIS POLUMBO, JR.

v.

SANDRA SUE POLUMBO

No. 0413-91-3

Decided November 19, 1991

COUNSEL

Robert F. Rider (Rider, Thomas, Cleavland, Ferris & Eakin, P.C., on brief), for appellant.

Robert P. Doherty, Jr. (Phillips, Doherty & Swanson, on brief), for appellee.

OPINION

**BARROW, J.**—In this domestic relations appeal, we determine whether an interlocutory decree invalidating an antenuptial agreement is an appealable order. The decree was entered during the course of a divorce proceeding in which a final divorce decree has not yet been entered. We hold that the order is not appealable because it will not necessarily affect the final disposition of this case.

■ We have no jurisdiction over appeals except that granted us by statute. *Pinkard v. Pinkard*, 12 Va. App. 848, 851, 407 S.E.2d 339, 340 (1991). In a divorce proceeding, we may only review a "final judgment, order or decree" or an "interlocutory decree . . . (i) granting, dissolving, or denying an injunction or (ii) adjudicating principles of a cause." Code §§ 17-116.05(3)(a) and (4); *Pinkard*, 12 Va. App. at 851, 407 S.E.2d at 340. The order entered in this case is not a final judgment order or decree, nor is it a decree granting, dissolving or denying an injunction; therefore, an appeal at this stage of the proceedings is proper only if the order adjudicated "the principles of a cause."

■ In order to adjudicate the principles of a cause, a decree must decide an issue which "would of necessity affect the final order in the case." *Pinkard*, 12 Va. App. at 851, 407 S.E.2d at 341. The decree must "determine the rules by which the court will determine the rights of the parties." *Id*. It must "respond to the *chief object* of the suit which was to secure a divorce." *Id*. at 852, 407 S.E.2d at 341-42 (emphasis added). However, "[t]he mere possibility" that an interlocutory decree "may affect the final decision in the trial does not necessitate an immediate appeal." *Id*. at 853, 407 S.E.2d at 342.

In this case, the interlocutory order being appealed may affect the final decision but will not of necessity do so. The agreement, if not invalid, would bar the wife's ability to recover spousal support

or a monetary award. By declaring the antenuptial agreement invalid, however, the trial court did not necessarily determine that the wife would receive an award for spousal support or a monetary award. It only determined that her right to do so would not be affected by the agreement. In the final disposition of this case, either by the grant or the denial of a decree of divorce, the wife may or may not receive an award of spousal support or a monetary award. A decision by this court at this stage of the proceeding would not preclude the trial court from denying the wife spousal support and a monetary award.

The order declaring invalid the antenuptial agreement denying the wife spousal support and a monetary award is, therefore, not appealable, and the appeal is dismissed.

*Dismissed.*

Bray, J., and Elder, J., concurred.