**Alexandria**
HENRY REITER WEBB, JR.
v.
MICHAELA CULLEN WEBB
No. 0163-91-4
Decided February 25, 1992

COUNSEL

Arlene Lyles Pripeton (Emilia Castillo, on brief), for appellant.

Edward J. Walinsky, for appellee.

OPINION

**BENTON, J.**—During the course of a divorce proceeding the trial judge ruled that the property and separation agreement entered into by the parties was invalid. The trial judge set aside the agreement and scheduled a hearing to determine the parties' rights to the equitable distribution of their property in accordance with the provisions of Code § 20-107.3. This appeal arises from those rulings. The threshold question to be decided is whether the trial judge's ruling constitutes an appealable order.

The parties agree that the ruling is interlocutory. However, appellant contends that the ruling "adjudicat[es] the principles of a cause" and, thus, is appealable. Code § 17-116.05(4). Recently, in *Polumbo v. Polumbo*, 13 Va. App. 306, 411 S.E.2d 229 (1991), a panel of this Court held that an interlocutory decree invalidating an antenuptial agreement was not an appealable order. *Id.* at 307-08, 411 S.E.2d at 229. In so ruling, the Court stated:

> In order to adjudicate the principles of a cause, a decree must decide an issue which "would of necessity affect the final order in the case." The decree must "determine the rules by which the court will determine the rights of the parties." It must "respond to the *chief object* of the suit which was to secure a divorce." However, "[t]he mere possibility" that an interlocutory decree "may affect the final decision in the trial does not necessitate an immediate appeal."

*Id.* at 307, 411 S.E.2d at 229 (quoting *Pinkard v. Pinkard*, 12 Va. App. 848, 851, 407 S.E.2d 339, 341-42 (1991)).

At the time of the trial judge's ruling in this case, no decree of divorce had been granted. Although the ruling may affect the ultimate decision concerning the disposition of the parties' property and their rights and interests in the property, it will not of necessity do so. At the hearing to determine an equitable distribu-

tion of the parties' rights and interests in their property in accordance with Code § 20-107.3, the trial judge might reach the same or a more favorable disposition with respect to the appellant's property rights. In any event, "[t]he matter was still in the breast of the court and 'subject to alteration and amendment' by the judge before entering an appealable order." *Weizenbaum v. Weizenbaum*, 12 Va. App. 899, 903, 407 S.E.2d 37, 39 (1991) (quoting *Richardson v. Gardner*, 128 Va. 676, 685, 105 S.E. 225, 228 (1920)). Accordingly, we hold that the ruling was not an appealable order, and we dismiss the appeal.

*Dismissed.*

Baker, J., and Moon, J., concurred.