Alexandria

ROBERT WARREN ERIKSON

v.

LUCY JANE ERIKSON

No. 2011-93-4

Decided December 13, 1994

Counsel

Betty A. Thompson, for appellant.

Kathleen O'Brien (Kristin D. Alden; Fite, O'Brien & Byrum, Ltd., on brief), for appellee.

Opinion

COLEMAN, J.—This is an appeal from an interlocutory decree in a divorce case in which the only issue decided by the trial court's decree is that the parties are validly married.

██ The Court of Appeals has appellate jurisdiction over final decrees of a circuit court in domestic relations matters arising under Titles 16.1 or 20, and any interlocutory decree or order involving the granting, dissolving, or denying of an injunction or "adjudicating the principles of a cause." Code §§ 17-116.05(3)(f) and (4). A final decree is one " 'which disposes of the whole subject, gives all the relief that is contemplated, and leaves nothing to be done by the court.' " *Southwest Virginia Hosps. v. Lipps*, 193 Va. 191, 193, 68 S.E.2d 82, 83-84 (1951) (quoting *Ryan v. McLeod*, 73 Va. (32 Gratt.) 367, 376 (1879)).

The bill of complaint filed in this case by Lucy Jane Erikson seeks a divorce from the bond of matrimony, spousal support, equitable distribution of property, and incidental relief. Based upon findings of fact and conclusions of law following a commissioner's hearing, the trial court entered a decree which held only that the marriage was valid. It did not grant or deny a divorce, spousal

support, equitable distribution, or incidental relief. The decree, therefore, is not a final decree "which disposes of the whole subject . . . and leaves nothing to be done by the court," nor is it an interlocutory decree granting an injunction. Thus, unless the decree holding that the marriage is valid is an interlocutory decree that "adjudicates the principles of the cause," this Court does not have jurisdiction to consider an appeal of the interlocutory decree.

▆▆▆ For an interlocutory decree to adjudicate the principles of a cause, the decision must be such that " 'the rules or methods by which the rights of the parties are to be finally worked out have been so far determined that it is only necessary to apply those rules or methods to the facts of the case in order to ascertain the relative rights of the parties, with regard to the subject matter of the suit.' " *Pinkard v. Pinkard*, 12 Va. App. 848, 851, 407 S.E.2d 339, 341 (1991) (quoting *Lee v. Lee*, 142 Va. 244, 252-53, 128 S.E. 524, 527 (1925)). An interlocutory order or decree that adjudicates the principles of a cause is one which must "determine the rights of the parties" and "would of necessity affect the final order in the case." *Pinkard*, 12 Va. App. at 851, 407 S.E.2d at 341. An interlocutory order that adjudicates the principles in a divorce case must "respond to the chief object of the suit which was to secure a divorce." *Id.* at 352, 407 S.E.2d at 341-42. " '[T]he mere possibility' that an interlocutory decree 'may affect the final decision in the trial does not necessitate an immediate appeal.' " *Polumbo v. Polumbo*, 13 Va. App. 306, 307, 411 S.E.2d 229, 229 (1991) (quoting *Pinkard*, 12 Va. App. at 853, 407 S.E.2d at 342).

The trial court's ruling that the parties are validly married does not "adjudicate the principles of the cause." The determination that the marriage was valid does not determine whether a divorce will be granted or upon what terms. That ruling does not determine the rules or methods by which the ultimate decision in the divorce is to be adjudicated, thereby requiring only the application of those principles to the facts of the case to decide the issues. Although the factual finding and legal holding that the parties are validly married is an essential element of the complainant's cause of action, that ruling is not a legal determination of "the principles" that are necessary to adjudicate the cause, and the ruling does not "respond to the chief object of the suit which was to secure a divorce." *See Webb v. Webb*, 13 Va. App. 681, 682, 414 S.E.2d 612, 613 (1992); *Polumbo*, 13 Va. App. at 307, 411

S.E.2d at 229; *Weizenbaum v. Weizenbaum*, 12 Va. App. 899, 901-02, 407 S.E.2d 37, 39 (1991); *Pinkard*, 12 Va. App. at 851, 407 S.E.2d at 341. The ruling and order appealed is interlocutory and does not adjudicate the principles of the cause. Accordingly, this Court is without jurisdiction to entertain the appeal. We dismiss the appeal without prejudice.

*Dismissed.*

Willis, J., concurred.

Barrow, J., dissenting.

The trial court's determination that the parties are married adjudicates the principles of this proceeding. Because of this ruling, this proceeding will result in the parties obtaining a divorce or remaining married. Had the trial court determined that they are not validly married, neither result would follow. The decree appealed from will "of necessity affect the final order in the case"; therefore, it adjudicates the principles of this cause. *Pinkard v. Pinkard*, 12 Va. App. 848, 851, 407 S.E.2d 339, 341 (1991). For this reason, I dissent.