COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


FANNIE ESTELLE GREEN and
 JAMES ROGER GREEN
                                    MEMORANDUM OPINION[*]
v.    Record No. 1281-97-4            PER CURIAM
                                    JANUARY 20, 1998
STEVEN MORGAN


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Robert W. Woolridge, Judge

(John E. Carter, on brief), for appellants.

(Lisette Pedre Mestre; Legal Services of
Northern Virginia, on brief), for appellee.


    Fannie Estelle Green and James Roger Green (hereinafter the
Greens) contend the circuit court erred in holding that it lacked
jurisdiction to hear their appeal from a ruling of the juvenile
and domestic relations district court.  The Greens contend the
trial court erred by (1) ruling that the order of the district
court, which assumed jurisdiction over the cause, was not a final
order appealable to the circuit court under Code § 16.1-296(A);
(2) ruling that the district court's order was not an
interlocutory order adjudicating the principles of a cause; and
(3) finding no violation of due process in the statutory scheme
under which a party may appeal a district court's decision.[1]

    [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

    [1]Morgan contends that by endorsing the circuit court's
decree "Seen and Objected To," the Greens failed to preserve
their objections for appeal.  The record demonstrates that the
Greens raised the arguments in their response to Morgan's motion
to dismiss.  Therefore, we find that these issues were raised

Upon reviewing the record and briefs of the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

## I.

This proceeding involves a dispute over the custody of three infants. Ms. Green is the maternal grandmother, and Mr. Green is the maternal step-grandfather of the infants. Steven Morgan is the biological father of one and claims to be the biological father of another. The children's mother is now deceased.

## II.

"The jurisdiction, practice, and procedure of the juvenile and domestic relations district courts are entirely statutory, and are set forth in Chapter 11 of Title 16.1 of the Code." Walker v. Department of Pub. Welfare, 223 Va. 557, 562, 290 S.E.2d 887, 890 (1982). The Code specifically provides that "[f]rom any final order or judgment of the juvenile court affecting the rights or interests of any person coming within its jurisdiction, an appeal may be taken within ten days from the entry of a final judgment, order or conviction." Code § 16.1-296(A). Thus, only final orders entered by the juvenile and domestic relations district court are appealable. Walker, 223 Va. at 562, 290 S.E.2d at 890.

"A final order is one that disposes of the whole subject,

_____

before the trial court and were preserved for appeal. Cf. Lee v. Lee, 12 Va. App. 512, 404 S.E.2d 736 (1991).

gives all the relief contemplated, and leaves nothing to be done in the cause save to superintend ministerially compliance with the order." Alexander v. Morgan, 19 Va. App. 538, 540, 452 S.E.2d 370, 371 (1995). The district court's order asserting jurisdiction over this dispute was interlocutory and did not dispose of the whole matter.[2] Therefore, it was not a final order. Thus, the trial court did not err in finding that the order was not appealable.

### III.

Under Code § 16.1-296(A), only final orders of the juvenile and domestic relations district court may be appealed to the circuit court for a trial de novo. The Greens do not identify any statute that allows appeals to the circuit court from interlocutory orders of the district courts. The cases cited by the Greens involved appeals where a statute granted specific authority to appeal from an interlocutory order of the circuit court. See, e.g., Pinkard v. Pinkard, 12 Va. App. 848, 407 S.E.2d 339 (1991). That statute and those cases are not applicable or controlling of this issue.

### IV.

Finally, the Greens contend the application of standards to

---

[2]The pertinent part of the district court's order provided: "Temporary custody shall remain with the children's grandparents in North Carolina pending a full custody hearing by this court. Father and paternal grandparents are granted the right of reasonable visitation until the custody hearing. Continued to May 29, 1997 for a full custody hearing."

appeals from district courts to circuit courts, which are different than those standards applied to appeals from circuit courts to this Court or to the Supreme Court, violates due process. This contention is without merit. "'"[D]ue process," unlike some legal rules, is not a technical conception with a fixed content unrelated to time, place and circumstances.' '[D]ue process is flexible and calls for such procedural protections as the particular situation demands.'" Mathews v. Eldridge, 424 U.S. 319, 334 (1976) (citations omitted).

District courts are courts not of record. When district court decisions are appealed to a circuit court, the matter is heard de novo without any presumption of correctness attaching to the district court's decision.

> We have repeatedly held that an appeal to the circuit court from a court not of record under Code § 16.1-136 annuls the judgment of the inferior tribunal as completely as if there had been no previous trial . . . , and that such a trial de novo in the circuit court grants to a litigant every advantage which would have been his had the case been tried originally in such court.

Walker, 223 Va. at 563, 290 S.E.2d at 890 (citation omitted).

In contrast, decisions of the circuit courts, which are courts of record, are presumed to be correct, and an appellant bears the burden to prove reversible error by record proof. In light of the opportunity to have the matter heard de novo in the circuit court, the Greens have not demonstrated that they were denied due process by the statutory requirement that they await

- 4 -

entry of the district court's final order before seeking an appeal.

Accordingly, the decision of the circuit court is summarily affirmed.

Affirmed.
