COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Bray and Annunziata
Argued at Alexandria, Virginia


BARBARA K. PARKS, N/K/A
 BARBARA M. KUNDRAT
                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1892-97-4      JUDGE JERE M. H. WILLIS, JR.
                                       FEBRUARY 10, 1998
CARL M. PARKS

          FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
                    Donald M. Haddock, Judge

          Thomas F. Coates, III (Coates & Davenport, on
          briefs), for appellant.

          W. Michael Holm (Redmon, Boykin & Braswell,
          on brief), for appellee.


     Barbara K. Parks contends that the trial court erred:  (1)
in interpreting the provisions of a foreign child support order;
(2) in refusing to award her arrearages based upon that support
order; (3) in ruling that registration of the foreign child
support order for purposes of enforcement satisfied registration
requirements for other purposes under the Uniform Interstate
Family Support Act (UIFSA), see Code §§ 20-88.32 to -88.82; and
(4) in determining that the separation agreement governs payment
of child support after the parties' remaining minor child
attained majority.  We dismiss questions one through three, and
affirm the judgment of the trial court.

---

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

I.

Mr. and Ms. Parks were married in 1971. On June 12, 1984, the Circuit Court of Cook County, Illinois granted them a divorce. At the time of the divorce, the parties had two minor children. The decree of divorce incorporated, ratified, and affirmed the parties' separation agreement. That agreement established child support and defined the time of emancipation, when the payment of child support should cease. After the emancipation of Ashley, the elder son, the agreement provided for support payments of $500 per month for Adam, the younger son.

On January 9, 1991, the Cook County, Illinois Circuit Court increased Mr. Parks' child support obligation. The 1991 Illinois order provided in part:

> 1. That CARL PARKS shall pay BARBARA PARKS 20% (1122.00) of his net income from all sources for the support of ADAM PARKS, age 12.[1]
>
> 2. That a Withholding Order shall be entered against the wages of CARL PARKS for $1,122.00 per month as and for child support for ADAM PARKS, age 12.
>
> 4. That CARL PARKS shall provide BARBARA PARKS with a copy of his Federal Income Tax return with all attachments annually until his obligation of support for ADAM PARKS shall cease and terminate.

On February 29, 1996, Ms. Parks registered the 1991 Illinois order for enforcement. See Code §§ 20-88.66 to -88.73. She

---

[1]A certified copy of this order contained the handwritten interlineation, "(1122.00)," in the first paragraph.

- 2 -

alleged an arrearage equal to the difference between $1,122 per month and twenty percent of Mr. Parks' net income since entry of the 1991 Illinois order. She stated that she could not know the exact amount of the arrearage because Mr. Parks had failed to provide her with copies of his federal income tax returns as required by the 1991 Illinois order.

On appeal from the juvenile and domestic relations district court, the trial court held that the 1991 Illinois order did not automatically adjust Mr. Parks' child support obligation. Because Ms. Parks had never sought modification of the 1991 Illinois order, the trial court denied her arrearages. The trial court ruled also that child support after the parties' younger son achieved majority was limited to the amount contracted for in the separation agreement.

Mr. Parks filed a motion to modify child support. The trial court held that registration of the 1991 Illinois order for enforcement constituted sufficient registration for all purposes. It did not rule on Mr. Parks' motion to modify child support.

## II.

Ms. Parks argues that, under Illinois law, the child support obligation contained in the 1991 Illinois order self-adjusts annually to an amount equal to twenty percent of Mr. Parks' net income. Because the record is insufficient to permit determination of Ms. Parks' allegations, we dismiss this part of her appeal.

If the record on appeal is sufficient in the

> absence of the transcript to determine the merits of the appellant's allegations, we are free to proceed to hear the case. . . . If, however, the transcript is indispensable to the determination of the case, then the requirements for making the transcript a part of the record on appeal must be strictly adhered to.

Turner v. Commonwealth, 2 Va. App. 96, 99, 341 S.E.2d 400, 402 (1986) (citation omitted).

Ms. Parks did not file timely a transcript or written statement of facts, see Rule 5A:8, and the record does not indicate the amount of the arrearage, if any. Although Ms. Parks argues that Mr. Parks' failure to produce copies of his income tax returns precluded her from calculating a sum certain, we are unable to grant relief where none may be due, and will not engage in speculation as to the meaning of foreign support orders. Accordingly, the questions presented concerning interpretation of the order and the amount in arrears thereon are dismissed.

### III.

Ms. Parks contends that the trial court erred in ruling that her registration of the 1991 Illinois order for enforcement satisfied the requirements for registration for modification. She argues that the procedures prescribed in UIFSA require separate registration of a foreign support order when it is to be used for alternate purposes. Cf. Code § 20-88.67, with Code § 20-88.74. Because we lack jurisdiction to entertain the merits of this question, we dismiss the appeal of this issue without prejudice.

- 4 -

Code § 17-116.05(3) confers jurisdiction upon this Court to hear appeals from a circuit court's final orders involving child support and other domestic relations matters. An aggrieved party may also appeal an interlocutory order or decree that adjudicates "the principles of the cause." Code § 17-116.05(4).

"A final [order] is one which disposes of the whole subject, gives all the relief that is contemplated, and leaves nothing to be done by the court." Erikson v. Erikson, 19 Va. App. 389, 390, 451 S.E.2d 711, 712 (1994) (citations and internal quotation marks omitted). The trial court ruled upon a procedural matter that permitted Mr. Parks to pursue the contemplated relief at a later time. Thus, the trial court's ruling does not constitute a final order from which an appeal may be made.

> Nor is the trial court's ruling an interlocutory order. For an interlocutory decree to adjudicate the principles of a cause, the decision must be such that "'the rules or methods by which the rights of the parties are to be finally worked out have been so far determined that it is only necessary to apply those rules or methods to the facts of the case in order to ascertain the relative rights of the parties, with regard to the subject matter of the suit.'"

Id. at 391, 451 S.E.2d at 712-13 (citations omitted).

An interlocutory order that adjudicates the principles of a child support modification case must respond to the chief object of the case, the modification of support. See id. at 391, 451 S.E.2d at 713. The trial court's ruling that the foreign support order need not be re-registered did not adjudicate the principles

of the cause.  That order neither determines the rights of the parties, nor affects the final order in the case.  See id.

Accordingly, we may not address this question and dismiss it without prejudice.

IV.

Ms. Parks contends that the 1991 Illinois order set the level of post-majority child support.  We disagree.

Ms. Parks correctly notes that UIFSA provides that "a registered order issued in another state is enforceable in the same manner and is subject to the same procedures as an order issued by a tribunal of this Commonwealth."  Code § 20-88.68(B).  Moreover, "the law of the issuing state governs the nature, extent, amount, and duration of current payments and other obligations of support and the payment of arrearages under the order."  Code § 20-88.69(A).  See 28 U.S.C. § 1738B(h)(2) ("In interpreting a child support order including the duration of current payments and other obligations of support, a court shall apply the law of the State of the court that issued the order.").

However, the trial court's interpretation of the Illinois support order is not at issue.  Rather, the issue presented on appeal concerns the level of post-majority child support that courts in Virginia can enforce.

> A parent has the legal obligation to support his children only during their minority.  Of course, this obligation does not preclude the parent from contracting to support the children after their minority.  However, where such contracts are incorporated into support decrees by a

> divorce court, they can only be modified by
> that court to the extent of its jurisdiction.
> The jurisdiction of a court to provide
> for child support pursuant to a divorce is
> purely statutory.  The relevant statutes only
> deal with the court's power to provide for
> support and maintenance of minor children.
> Once the child reaches majority, the
> jurisdiction of the divorce court to provide
> for his support and maintenance terminates
> unless otherwise provided by agreement
> incorporated into the divorce decree.

Cutshaw v. Cutshaw, 220 Va. 638, 641, 261 S.E.2d 52, 54 (1979) (citations omitted).  See 28 U.S.C. § 1738B(h)(1) ("In a proceeding to establish, modify, or enforce a child support order, the forum State's law shall apply" except in regards to interpretation of the order and the period of limitation for enforcement.).

The trial court correctly ruled that because Adam was no longer a minor, the trial court's authority to order support for him was limited to the amount provided for in the separation agreement, $500 per month.  Accordingly, the order of the trial court is affirmed.

                                    Affirmed in part,
                                    dismissed in part.