COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Coleman and Elder
Argued at Salem, Virginia


ELSIE NAOMI BOYD (McKINNEY) HORN
                                        OPINION BY
v.   Record No. 2654-97-3   CHIEF JUDGE JOHANNA L. FITZPATRICK
                                      DECEMBER 22, 1998
CLYDE J. HORN


           FROM THE CIRCUIT COURT OF TAZEWELL COUNTY
                   Donald R. Mullins, Judge

          Susan E.F. Henderson (Henderson & Fuda, on
          brief), for appellant.

          Robert M. Galumbeck (Dudley, Galumbeck &
          Simmons, on brief), for appellee.



     Elsie Naomi Boyd (McKinney) Horn (wife) appeals the trial

court's divorce and equitable distribution decree.  Because this

order is interlocutory in nature and thus not appealable, we

dismiss the appeal.[1]

                               I.

     In its decree entered October 9, 1997, the trial court

granted the parties a divorce.  On the issue of the equitable

distribution of the parties' business property, the court found

as follows:

          Dana Coal Company, Inc., although the
          stock in same was solely owned by [wife] at

_____

     [1]On appeal, wife argues that the court erred:  (1) in
classifying a corporation solely owned by wife as marital
property; (2) in finding that wife committed waste with regard to
the parties' marital property; and (3) in setting the valuation
date for the marital estate as of the time of separation.
Because of the procedural posture of the case, we do not reach
the merits of these claims.

the time of the marriage of the parties, and remains solely owned by [wife] at this time, has been transmuted into marital property by the investment of marital funds, marital property and the personal efforts of the parties in the said company during the marriage. The Court finds that there remains no identifiable portion of the asset which may continue to be classified as separate property, as a result of the investment of marital funds, marital property and the personal efforts of the parties in the operation of the business since the marriage of the parties.

Accordingly, the trial court classified Dana Coal and the remaining businesses as marital property subject to equitable distribution and set the valuation date of the marital estate as the time of the parties' separation.

Although the trial court granted the divorce and determined the classification of property owned by the parties, it retained jurisdiction to value and distribute the various property.[2] The

_____

[2]We initially note that the trial court did not retain jurisdiction pursuant to Code § 20-107.3(K), which grants a trial court continuing jurisdiction in various enumerated situations, none of which apply here. Code § 20-107.3(K) provides:

The court shall have the continuing authority and jurisdiction to make any additional orders necessary to effectuate and enforce any order entered pursuant to this section, including the authority to:

   1. Order a date certain for transfer or division of any jointly owned property under subsection C or payment of any monetary award under subsection D;

   2. Punish as contempt of court any willful failure of a party to comply with the provisions of any order made by the court under this section;

   3. Appoint a special commissioner to

court found that:

> [a]dditional evidence must be taken with regard to the value of the marital estate; and, further, this Court finds that matters currently pending before the United States Bankruptcy Court for the Western District of Virginia, Abingdon Division, may affect the valuation of, individual ownership and distribution of such property, specifically as same relates to McHorn Construction Company, Inc. and Dana Coal Company, Inc.; and, that as a result of same, and upon motion of [husband], further matters concerning the equitable distribution of the marital estate, including valuation thereof and the manner in which the distribution of the estate shall be made, must be continued upon the docket of this Court because such action is clearly necessary and the Court will, therefore, retain jurisdiction concerning same.

Accordingly, the court ordered that the equitable distribution, value and manner of distribution "shall be determined at a later date for the reasons previously set forth, herein."  The matter was continued on the docket of the trial court.  No final valuation of the property or monetary award was entered.

---

> transfer any property under subsection C where a party refuses to comply with the order of the court to transfer such property; and

> 4.  Modify any order entered in a case filed on or after July 1, 1982, intended to affect or divide any pension, profit-sharing or deferred compensation plan or retirement benefits pursuant to the United States Internal Revenue Code or other applicable federal laws, only for the purpose of establishing or maintaining the order as a qualified domestic relations order or to revise or conform its terms so as to effectuate the expressed intent of the order.

II.

This Court has appellate jurisdiction over final decrees of a circuit court in domestic relations matters arising under Titles 16.1 or 20, and any interlocutory decree or order involving the granting, dissolving, or denying of an injunction or "adjudicating the principles of a cause."  Code § 17.1-405(3)(f) and (4), recodifying § 17-116.05(3)(f) and (4). A final decree is one "which disposes of the whole subject, gives all the relief that is contemplated, and leaves nothing to be done by the court."  Erikson v. Erikson, 19 Va. App. 389, 390, 451 S.E.2d 711, 712 (1994) (quotations omitted).

In the instant case, the decree is far from final.  Only the first step in the equitable distribution scheme has been completed.  The parties' property has been classified but has not been valued or divided and no monetary award has been made.  The trial court specifically retained jurisdiction to consider further valuation and distribution of the marital property.  The court acknowledged that the valuation of Dana Coal and McHorn Construction, two of the included assets, was dependent upon the outcome of a bankruptcy proceeding.

Unless the trial court's decree constituted an interlocutory decree that "adjudicates the principles of the cause," we do not have jurisdiction to consider an appeal of the equitable distribution of property.

> An interlocutory decree adjudicates the principles of a cause where "`the rules or methods by which the rights of the parties

> are to be finally worked out have been so far
> determined that it is only necessary to apply
> those rules or methods to the facts of the
> case in order to ascertain the relative
> rights of the parties, with regard to the
> subject matter of the suit.'"

Moreno v. Moreno, 24 Va. App. 227, 231, 481 S.E.2d 482, 485 (1997) (quoting Pinkard v. Pinkard, 12 Va. App. 848, 851, 407 S.E.2d 339, 341 (1991) (quoting Lee v. Lee, 142 Va. 244, 252-53, 128 S.E. 524, 527 (1925))).

An interlocutory decree that adjudicates the principles of a cause is one which must "determine the rights of the parties" and "would of necessity affect the final order in the case." Erikson, 19 Va. App. at 391, 451 S.E.2d at 713. An interlocutory order that adjudicates the principles "must respond to the chief object of the suit," id., which, in an equitable distribution proceeding is to classify the property, value the marital estate, and distribute the estate accordingly. "[T]he mere possibility that an interlocutory decree may affect the final decision in the trial does not necessitate an immediate appeal." Id. (quotations omitted).

The trial court's decree, while classifying the marital property, did not value the property and did not actually determine the manner in which the distribution of marital assets would be accomplished. Although the court's ruling may affect the ultimate decision as to the distribution of Dana Coal and McHorn Construction, the valuation of this property also significantly affects the parties' property rights. See Webb v.

- 5 -

<u>Webb</u>, 13 Va. App. 681, 682-83, 414 S.E.2d 612, 613 (1992) (dismissing an appeal because the parties' rights may still be determined through equitable distribution proceedings).  We hold the decree is interlocutory and does not adjudicate the principles of the cause.  Accordingly, we are without jurisdiction to entertain the appeal.

<u>Dismissed.</u>