COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judge Elder and
          Senior Judge Overton
Argued at Alexandria, Virginia


YUN SOO KIM
                                      MEMORANDUM OPINION[*] BY
v.    Record No. 1825-00-4             JUDGE LARRY G. ELDER
                                          APRIL 10, 2001
JUNG JA KIM


            FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
                    David F. Berry, Judge Designate

            Barry L. Leibowitz (David K. Lee; Leibowitz &
            Band, on briefs), for appellant.

            Intak Lee for appellee.


        Yun Soo Kim (husband) appeals from an order of the Circuit

Court of Prince William County (trial court) which awarded Jung

Ja Kim (wife) a divorce and periodic spousal support.  On

appeal, husband contends, inter alia, that the trial court

erroneously awarded spousal support to wife without first

fashioning the requested equitable distribution award.  We hold

the trial court committed reversible error to the extent it

purported to hold the order was a final order, and we reverse

that ruling.  As to all other matters, we hold the order was

neither a final order nor an appealable interlocutory order.

---

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

Therefore, we dismiss the remainder of the appeal and remand for further proceedings consistent with this opinion.

On March 2, 1999, wife filed a bill of complaint for divorce in which she also sought spousal support and equitable distribution of the parties' property. By order entered June 26, 2000, the trial court awarded wife a divorce a vinculo matrimonii and ordered husband to pay spousal support to wife monthly for five years pursuant to Code § 20-107.1. The order provided that "distribution of marital properties shall be determined at any time as requested by either party after this Decree of Divorce is entered" and that "this cause is continued as to matters of equitable distribution." Husband then noted this appeal.

The Court of Appeals has appellate jurisdiction over final decrees of a circuit court in domestic relations matters arising under Titles 16.1 or 20, and any interlocutory decree or order in such matters involving the granting, dissolving, or denying of an injunction or "adjudicating the principles of a cause." Code § 17.1-405; Erikson v. Erikson, 19 Va. App. 389, 390, 451 S.E.2d 711, 712 (1994).

A final decree is one "'"which disposes of the whole subject, gives all the relief that is contemplated, and leaves nothing to be done by the court."'" Erikson, 19 Va. App. at 390, 451 S.E.2d at 712 (quoting Southwest Va. Hosps. v. Lipps, 193 Va. 191, 193, 68 S.E.2d 82, 83-84 (1951) (quoting Ryan's v.

-

McLeod, 73 Va. (32 Gratt.) 367, 376 (1879))).  Where a bill of complaint seeks a divorce, spousal support, and equitable distribution, and the court enters a decree determining only that the marriage is valid, the decree is not a final order because it does not "'dispose[] of the whole subject . . . and leave[] nothing to be done by the court.'"  Id. at 391, 451 S.E.2d at 712.  Similarly here, the decree from which husband seeks to appeal is not a final order; although the bill of complaint sought a divorce, spousal support and equitable distribution, the challenged decree resolves only the first two issues and leaves the equitable distribution for a later date.

Nor is the decree an interlocutory decree that adjudicates the principles of the cause.

> For an interlocutory decree to adjudicate the principles of a cause, the decision must be such that "'the rules or methods by which the rights of the parties are to be finally worked out have been so far determined that it is only necessary to apply those rules or methods to the facts of the case in order to ascertain the relative rights of the parties, with regard to the subject matter of the suit.'"  Pinkard v. Pinkard, 12 Va. App. 848, 851, 407 S.E.2d 339, 341 (1991) (quoting Lee v. Lee, 142 Va. 244, 252-53, 128 S.E. 524, 527 (1925)). . . .  "'[T]he mere possibility' that an interlocutory decree 'may affect the final decision in the trial does not necessitate an immediate appeal.'"  Polumbo v. Polumbo, 13 Va. App. 306, 307, 411 S.E.2d 229, 229 (1991) (quoting Pinkard, 12 Va. App. at 853, 407 S.E.2d at 342).

-

Id. at 391, 451 S.E.2d at 712-13. Because the decree did not effect an equitable distribution and left open such issues as the value of various items of marital property and the percentage of marital property to which each spouse was entitled, it did not constitute an appealable interlocutory order.

Although we do not reach the merits of any issues other than the finality of the order, we note that a trial court entering an award of spousal support pursuant to Code § 20-107.1 "shall consider," inter alia, "[t]he provisions made with regard to the marital property under § 20-107.3." Code § 20-107.1(E) (emphasis added). Thus, absent special circumstances, "it [is] reversible error for [a] trial court to make its final award requiring husband to pay a lump sum or periodic spousal support award to wife . . . without considering the income which may result from the monetary award, if any, to which wife [may] be entitled." Kaufman v. Kaufman, 7 Va. App. 488, 493, 375 S.E.2d 374, 377 (1988); see also Code § 20-107.1(F). However, a court may, "in [its] discretion," award pendente lite support pursuant to Code § 20-103 as "necessary" at "any time pending [the] suit." Code § 20-103(A).

For these reasons, we reverse the determination of the trial court that its order was a final order. We also dismiss the remainder of the appeal, remand to the trial court for further proceedings, and direct that the trial court consider

-

the issue of spousal support anew after fashioning the equitable distribution award.

<u>Reversed in part,<br>
dismissed in part,<br>
and remanded.</u>