COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, McClanahan and Senior Judge Willis


TAHAYYA A. M. ANSARI

                                      MEMORANDUM OPINION[*]

v.     Record No. 1380-08-2                       PER CURIAM
                                       FEBRUARY 10, 2009

SAEED AHMAD


FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
Cleo E. Powell, Judge

(Neil Kuchinsky; Richard Ducote; Kuchinsky & Yeamans, P.C.;
Richard Ducote & Associates, PLC, on briefs), for appellant.

(Murray J. Janus; Jessica K. Thorne; Bremmer, Janus & Stone, on
brief), for appellee.


      Tahayya A.M. Ansari (mother) appeals from the circuit court's May 7, 2008 custody and

visitation order.  Both parties request attorney's fees and costs associated with this appeal.  We

hold the circuit court's May 7, 2008 custody and visitation order to be interlocutory and, therefore,

not appealable.

BACKGROUND

      The parties were married on September 15, 1991.  Two children were born of the

marriage.  The parties separated on April 30, 2006.  Following their separation, mother alleged

father had sexually abused their children.  Mother sought sole legal and physical custody.  The

trial court heard evidence at numerous hearings and heard testimony of several experts in the

field of child sexual abuse.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

The court ordered that primary physical custody remain with mother with no visitation with father, due to "the mental condition of the children and the allegations of a history of family abuse[.]" The May 7, 2008 custody and visitation order entered by the circuit court includes the following language:

> All matters pertaining to divorce, spousal support, child support, equitable distribution and attorney's fees and costs have been determined by the Court and will be set forth in separate Orders.

> And this matter is continued on the docket for entry of the above mentioned Orders as well as Qualified Domestic Relation Orders.

With regard to the custody and visitation issues addressed by the May 7, 2008 order, the court ordered mother and father to actively participate in therapy and announced that the "court appointed therapist will be the lead therapist responsible for making all decisions with regard to when and if contact with the Father will be re-established and the manner in which it will take place." The therapist was required to report to the trial court quarterly and a hearing to review custody and visitation issues was to be scheduled no later than January 30, 2009. The trial court clearly set a date by which it would revisit the custody and visitation issues.

## ANALYSIS

"'The Court of Appeals of Virginia is a court of limited jurisdiction.' Canova Elec. Contracting, Inc. v. LMI Ins. Co., 22 Va. App. 595, 599, 471 S.E.2d 827, 829 (1996). Unless a statute confers subject matter jurisdiction to that court over a class of appeals, [it] is without authority to review an appeal." Lewis v. Lewis, 271 Va. 520, 524-25, 628 S.E.2d 314, 316-17 (2006). Pursuant to Code § 17.1-405(4), the Court of Appeals has appellate jurisdiction over final decrees of a circuit court in domestic relations matters arising under Titles 16.1 or 20, and any interlocutory decree or order in such matters involving the granting, dissolving, or denying of an injunction or "adjudicating the principles of a cause." See Erikson v. Erikson, 19 Va. App. 389, 390, 451 S.E.2d 711, 712 (1994).

"An interlocutory order that adjudicates the principles of a domestic relations suit 'must respond to the chief object of that suit,' which is to determine the status of the parties' marriage and the custody of the parties' children, and, if appropriate, to award spousal support and child support." Wells v. Wells, 29 Va. App. 82, 86, 509 S.E.2d 549, 551 (1999) (quoting Erikson, 19 Va. App. at 391, 451 S.E.2d at 713) (additional citation omitted). "'A final order is one which disposes of the whole subject, gives all the relief contemplated, . . . and leaves nothing to be done in the cause save to superintend ministerially the execution of the order.'" Daniels v. Truck & Equip. Corp., 205 Va. 579, 585, 139 S.E.2d 31, 35 (1964) (citations omitted).

In the instant case, the May 7, 2008 order neither adjudicates the principles of the cause nor is a final order leaving only a ministerial execution to be completed. Id. We, therefore, lack authority to exercise appellate jurisdiction over the custody and visitation issues addressed in the May 7, 2008 order. Accordingly, we dismiss the appeal without prejudice.[1]

Appeal dismissed.

[1] We deny both parties' requests for attorneys' fees and costs. We deny appellee's motion to disallow Richard Ducote from participating in this appeal.