COURT OF APPEALS OF VIRGINIA

Present:   Judges Frank, Haley and Powell
Argued at Richmond, Virginia


EVELYN F. BROWN

                                                              MEMORANDUM OPINION[*] BY
v.        Record No. 1711-10-2                         JUDGE CLEO E. POWELL
                                                                      APRIL 26, 2011
PAUL C. JOSEY, JR.


FROM THE CIRCUIT COURT OF THE CITY OF COLONIAL HEIGHTS
Herbert C. Gill, Jr., Judge

William J. Doran, III, for appellant.

No brief or argument for appellee.


Evelyn F. Brown ("Brown") appeals the trial court's order sustaining the demurrer of

Paul C. Josey, Jr., ("Josey") as to the three counts brought in her amended complaint. Finding that

the order appealed fails to dispose of the whole subject of the suit and is therefore not a final

order, we dismiss the appeal.

BACKGROUND

In reviewing a trial court's decision to sustain a demurrer, an appellate court must

"consider as true all material facts alleged in a bill of complaint, all facts impliedly alleged, and

all reasonable inferences that can be drawn from such facts." Riverview Farm Assocs. v. Board

of Supervisors, 259 Va. 419, 427, 528 S.E.2d 99, 103 (2000) (citations omitted). So viewed, the

evidence demonstrates that, in February of 1985, Brown gave birth to A.C. In 1986, Brown met

and entered into a relationship with Josey. In November of 1989, Brown gave birth to a son, P.J.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Brown and Josey were married in August of 1990, but separated in early 1992. On March 25, 1992, a support order was entered by the Colonial Heights Juvenile and Domestic Relations District Court ("J&DR court"), granting custody of both A.C. and P.J. to Josey. The same order required Brown to pay child support in the amount of $298 every other week.

On or about October 10, 1992, Josey moved to Florida with A.C. and P.J. Brown did not have any contact with either child until June 6, 1993, when A.C. was returned to her custody. A.C. continued to live with Brown until he reached the age of majority.

In 2002, Brown located P.J., who was still living with Josey in Florida. P.J. was subsequently incarcerated in various detention, therapy, and/or correctional facilities in Florida from March of 2003 to September of 2007. On September 26, 2007, P.J. was released into Brown's custody. P.J. continued to live with Brown until he reached the age of majority.

At some point in 2007, Brown received an Order of Collection from the Virginia Department of Child Support Enforcement ("DCSE"), indicating that she owed over $110,000 in child support arrearages. Soon afterward, DCSE began to garnish her wages.

On October 14, 2008, Brown filed a motion to vacate and/or amend the original 1992 support order (the "motion to amend") in the Colonial Heights J&DR Court. After hearing arguments from Brown and DCSE, the J&DR court denied the motion.

Brown appealed the decision to the Circuit Court of the City of Colonial Heights ("trial court"). On May 19, 2009, Brown also filed a complaint ("initial complaint") against Josey in the trial court. The initial complaint set forth four separate causes of action. On June 22, 2009, Brown moved to consolidate her appeal from the J&DR court with the suit she initiated against Josey. In addition to counsel for Brown, counsel for DCSE was present for the hearing. In a June 29, 2009 order, the trial court granted Brown's motion to consolidate, stating:

> "upon consideration of the matter advanced by counsel for
> [Brown] and for DCSE, the Court, deeming it proper so to do,

- 2 -

ORDERS that [Brown's] Motion to Consolidate her appeal of the ruling of the [J&DR court] with the suit initiated by [Brown] in this Court seeking declaratory, injunctive, and other relief is granted . . . ."

On June 24, 2009, after the trial court heard the motion to consolidate, but before the order granting the motion was entered, Josey filed a demurrer and answer to the initial complaint. In a letter opinion dated November 9, 2009, the trial court sustained the demurrer as to one count of Brown's initial complaint, but overruled the demurrer as to the remaining counts. The trial court further granted Brown leave to file an amended complaint and Josey time to respond to the amended complaint.

On December 30, 2009, Brown filed an amended complaint, in which she set forth three causes of action seeking 1) injunctive relief, 2) declaratory judgment, and 3) equitable relief. On January 20, 2009, Josey filed an amended demurrer and amended answer. In an opinion letter dated April 12, 2010, the trial court sustained the demurrer as to the three counts. On June 14, 2010, the trial court entered an order memorializing the findings and rulings it set forth in the April 12, 2010 letter opinion and dismissed Brown's complaint without leave to amend. The trial court stated, "[T]here being nothing further to be done in this matter, the Clerk is directed to close this case and place it among the ended causes . . . ." Notably, however, no mention was made of Brown's appeal of the J&DR court's denial of her motion to amend in either the April 12, 2010 letter opinion or the subsequent order.

ANALYSIS

Our jurisprudence is clear that the subject matter jurisdiction of this Court is limited and defined by statute. See Code § 17.1-405. As such, "[u]nless a statute confers jurisdiction in this Court, we are without power to review an appeal." Canova Elec. Contracting, Inc. v. LMI Ins. Co., 22 Va. App. 595, 599, 471 S.E.2d 827, 829 (1996) (citations omitted). Furthermore, lack of subject

matter jurisdiction may be raised for the first time on appeal by an appellate court *sua sponte*. Morrison v. Bestler, 239 Va. 166, 170, 387 S.E.2d 753, 756 (1990).

"The Court of Appeals has appellate jurisdiction over *final decrees* of a circuit court in domestic relations matters arising under Titles 16.1 or 20, and any interlocutory decree or order . . . 'adjudicating the principles of a cause.'" Erikson v. Erikson, 19 Va. App. 389, 390, 451 S.E.2d 711, 712 (1994) (quoting Code §§ 17.1-405(3)(f) and (4), formerly Code §§ 17, 116.05(3)(f) and (4)) (emphasis added). A final order is defined as one "'which disposes of the whole subject, gives all the relief that is contemplated, and leaves nothing to be done by the court.'" Id. (quoting Southwest Virginia Hosps. v. Lipps, 193 Va. 191, 193, 68 S.E.2d 82, 83-84 (1951)). "On the other hand, every decree which leaves anything in the cause to be done by the court, is interlocutory as between the parties remaining in the court." Ryan v. McLeod, 73 Va. (32 Gratt.) 367, 376-77 (1879).

Although the trial court's June 14, 2010 order indicates that it is a final decree and therefore appealable, we find that it fails to dispose of the whole subject of the suit. By granting Brown's motion to consolidate, the trial court combined Brown's appeal and her initial complaint to form a single suit.

> "Where several causes are technically consolidated, they become in effect a single suit, at least in so far as the circumstances of the several causes permit complete unity. The evidence in one becomes evidence in the other (subject of course to the control of the court to prevent injustice); the parties to one become parties to the other; *and the cause proceeds for all purposes as if the several causes had been originally asserted in a single bill.* It must be observed, however, that it is the proceedings that are consolidated and not the claims asserted, save where the latter belonged to the same plaintiff."

Williams v. Fidelity Loan & Sav. Co., 142 Va. 43, 51, 128 S.E. 615, 617 (1925) (quoting Lile, Equity Pleading and Practice § 341 (2d ed. 1922)) (emphasis added).

Neither the April 12, 2010 letter opinion nor the June 14, 2010 order makes any reference to Brown's appeal of the J&DR court's denial of her motion to amend. Thus, it cannot be said that the trial court disposed of the whole subject of the suit, gave all of the relief contemplated, and left nothing to be done by the trial court, as the matter of Brown's appeal of the J&DR court's denial of her motion to amend is still before the trial court. As such, the June 14, 2010 order is not a final order.

## CONCLUSION

As the June 14, 2010 order is not a final order, we hold that we lack subject matter jurisdiction to consider the merits of this appeal, and we therefore dismiss this appeal without prejudice.

<u>Dismissed.</u>