# COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:    Judges O'Brien, Lorish and Senior Judge Annunziata
Argued by videoconference


MICHAEL EUGENE SUMMERS

                                              MEMORANDUM OPINION* BY
v.       Record No. 1376-21-4              JUDGE ROSEMARIE ANNUNZIATA
                                                  OCTOBER 25, 2022

ALICIA LEHNES SUMMERS


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Richard E. Gardiner, Judge

Daniel C. Collier (Shannon L. Kroeger; Family First Law Group,
PLLC, on briefs), for appellant.

Beth A. Bittel (Joshua A. Anthony; Bittel & Anthony, P.C., on brief),
for appellee.


Michael Eugene Summers (husband) appeals a *pendente lite* order, awarding exclusive use

and possession of the former marital residence to Alicia Lehnes Summers (wife).  Husband argues

that the circuit court erred by "not finding that an order requiring [him] to vacate the family

residence is an injunction."  He argues that the circuit court did not make the necessary findings to

award an injunction and that it erred by granting wife exclusive use and possession of the home

solely because the house was titled in wife's name only.  Finally, husband argues that the circuit

court erred by "ordering *sua sponte* that any personal property not removed by [him] from the

residence will be considered abandoned."  For the reasons below, we dismiss the appeal without

prejudice for lack of jurisdiction.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND

"When reviewing a trial court's decision on appeal, we view the evidence in the light most favorable to the prevailing party, granting it the benefit of any reasonable inferences." *Shah v. Shah*, 70 Va. App. 588, 591 (2019) (quoting *Congdon v. Congdon*, 40 Va. App. 255, 258 (2003)).

Husband and wife married on November 26, 1994. Before the marriage, the parties purchased the marital residence and titled the home jointly. During the marriage, the parties refinanced the mortgage on the marital residence.[1] On November 20, 2002, in conjunction with the refinance, husband signed a quitclaim deed transferring title of the marital residence to wife. The quitclaim deed transferred the property to wife "as and for her sole and separate equitable estate, free from the control or marital rights of any present or future spouse, and free from any curtesy or dower rights of any present or future spouse."

In the fall of 2021, wife filed a complaint for divorce and a motion for *pendente lite* relief.[2] Wife requested that the circuit court award her exclusive use and possession of the marital residence under Code § 20-103, order husband "to preserve the marital estate and his separate estate pending a final resolution of this case," and award her attorney fees and costs.

The parties appeared before the circuit court for a *pendente lite* hearing and informed the court that the only issue was exclusive use and possession of the marital residence.[3] The parties stipulated to proffering the evidence. Wife offered a copy of the quitclaim deed into evidence without objection. The circuit court heard the parties' proffered evidence concerning the events

---

[1] The parties dispute the reason for the refinance.

[2] After the *pendente lite* hearing, husband filed an answer and counterclaim for divorce, and wife filed an answer to the counterclaim.

[3] Both parties had continued to reside in the marital residence, following their separation.

leading to their separation. Husband also proffered that he was unemployed and had no other housing options, which wife disputed. Wife agreed to pay husband $3,000 per month for six months as a "residential subsidy." After hearing the parties' proffers and arguments, the circuit court found that the language of the quitclaim deed was clear that wife's title to the property was "free from [the] control or marital rights of any present or future spouse." The circuit court awarded exclusive use and possession of the marital residence to wife and ordered her to pay $3,000 per month for six months to husband "so that he [could] find a place to live." The circuit court further ordered husband to vacate the property within fifteen days and any property he did not take with him would be considered abandoned and that wife could dispose of it. On November 19, 2021, the circuit court entered the *pendente lite* order, memorializing its rulings.

Husband timely filed a motion for reconsideration, which the circuit court denied in part and granted in part. The circuit court denied his motion with respect to exclusive use and possession of the marital residence but granted his motion with respect to his personal property. The circuit court amended its ruling so that if husband was unable to remove all his property within fifteen days of the *pendente lite* order, he could "enter the marital residence on a mutually agreed upon day, not less than once a week, for an additional period of sixty (60) days following the expiration of the fifteen (15) days to remove his personal property." This appeal followed.

## ANALYSIS

Husband challenges the circuit court's *pendente lite* order. Wife argues that the *pendente lite* order is a non-appealable interlocutory order and the appeal should be dismissed for lack of jurisdiction.

The circuit court entered the *pendente lite* order on November 19, 2021, and husband noted his appeal of that order on December 20, 2021. Code § 17.1-405, the code section relevant to the issues on appeal, was amended effective January 1, 2022. *See* 2021 Va. Acts Spec. Sess. I ch. 489.

The amended code section does not control the resolution of this appeal. "[W]hen a statute is amended while an action is pending, the rights of the parties are to be decided in accordance with the law in effect when the action was begun, unless the amended statute shows a clear intention to vary such rights." *Washington v. Commonwealth*, 216 Va. 185, 193 (1975). "The general rule is that statutes are prospective in the absence of an express provision by the legislature." *Id.* As Code § 17.1-405 does not contain an express provision indicating that the amendments to this Court's jurisdiction should be applied retroactively, we find that husband's right to appeal from an interlocutory order is governed by the provisions of Code § 17.1-405 in effect when husband noted his appeal.

Accordingly, under Code § 17.1-405 prior to amendment, this Court's jurisdiction was limited. *Friedman v. Smith*, 68 Va. App. 529, 538 (2018); *see also de Haan v. de Haan*, 54 Va. App. 428, 436 (2009). The Court had appellate jurisdiction over final decisions of the circuit courts in domestic relations cases and interlocutory orders involving injunctions or "adjudicating the principles of a cause." Code § 17.1-405 (2020 Repl. Vol.). The *pendente lite* order placed at issue in this case is neither a final order nor an appealable interlocutory order.

"A final order or decree for the purposes of Rule 1:1 'is one which disposes of the whole subject, gives all the relief contemplated . . . and leaves nothing to be done in the cause save to superintend ministerially the execution of the order.'" *Friedman*, 68 Va. App. at 538 (alteration in original) (quoting *de Haan*, 54 Va. App. at 436-37). By contrast, a *pendente lite* order preserves the status quo of the parties until a final decree of divorce. *Everett v. Tawes*, 298 Va. 25, 34 (2019). It has "no presumptive or determinative effect on the underlying cause of divorce" and does not determine the rights of the parties or address the main issues of the divorce

- 4 -

suit.[4] *Id.*; *see also* Code § 20-103(J) ("[a]n order entered pursuant to this section shall have no presumptive effect and shall not be determinative when adjudicating the underlying cause"). In short, a *pendente lite* order is not a final order and "not directly appealable." *Everett*, 298 Va. at 34.

The *pendente lite* order in this case is an interlocutory order, *id.* at 35, but it is not an order "adjudicating the principles of a cause," Code § 17.1-405 (2020 Repl. Vol.). To adjudicate the principles of a cause, an interlocutory order must determine that

> the rules or methods which the rights of the parties are to be finally worked out have been so far determined that it is only necessary to apply those rules or methods to the facts of the case in order to ascertain the relative rights of the parties, with regard to the subject matter of the suit.

*Bajgain v. Bajgain*, 64 Va. App. 439, 449 (2015) (quoting *Pinkard v. Pinkard*, 12 Va. App. 848, 851 (1991)). It "must address 'the chief object[s] of the suit.'" *Id.* (alteration in original) (quoting *Erikson v. Erikson*, 19 Va. App. 389, 391 (1994)). "Typically, [in divorce matters,] such goals include obtaining a divorce, determining custody of children, deciding whether to grant child or spousal support, and resolving equitable distribution." *de Haan*, 54 Va. App. at 439.[5] The *pendente lite* order here does not adjudicate the principles of a cause and cannot be deemed an appealable interlocutory order as defined under Code § 17.1-405 (2020 Repl. Vol.).

---

[4] The parties scheduled a multi-day trial in November 2022 to be heard on the grounds for divorce, equitable distribution, support, and attorney fees.

[5] Virginia's appellate courts have previously considered whether an order in a divorce suit is one that "adjudicates the principles of a cause." *See, e.g.*, *Lewis v. Lewis*, 271 Va. 520, 527-28 (2006) (order dismissing husband's cross-bill for annulment did not adjudicate the principles of a cause when wife's divorce complaint seeking divorce and equitable distribution was still pending); *Webb v. Webb*, 13 Va. App. 681, 682-83 (1992) (interlocutory order finding a separation agreement invalid was not appealable because "[t]he matter was still in the breast of the court and subject to alteration and amendment by the judge before entering an

Finally, prior to amendment, Code § 17.1-405 established that this Court had appellate jurisdiction over "interlocutory orders involving injunctions." To the extent the *pendente lite* order awarding wife exclusive use and possession of the marital residence can be construed as an injunction, we are without jurisdiction to address the issue because husband failed to comply with the statutory framework for appellate review of injunctions that was in effect at the time. *See* Code § 8.01-626 (2015 Repl. Vol) (providing that an aggrieved party may file a petition for review within fifteen days of the circuit court's order). Husband did not file a petition for review within the specified time.

In summary, because the circuit court's *pendente lite* order is neither a final order nor an appealable interlocutory order, this Court does not have jurisdiction to hear this appeal and we dismiss the appeal without prejudice.

Wife requests an award of attorney fees and costs incurred on appeal. *See* Rule 5A:30(b); *O'Loughlin v. O'Loughlin*, 23 Va. App. 690, 695 (1996). "The decision of whether to award attorney's fees and costs incurred on appeal is discretionary." *Koons v. Crane*, 72 Va. App. 720, 742 (2021) (quoting *Friedman*, 68 Va. App. at 545). On consideration of the record before us, we deny wife's request for an award of attorney fees and costs incurred on appeal.

---

appealable order" and the court still had to address the remaining issues, including the grounds for divorce and equitable distribution (alteration in original) (citations and internal quotation marks omitted)); *Erikson*, 19 Va. App. at 391 (decree upholding the validity of the marriage did not adjudicate the principles of a cause because the ruling did not determine whether a divorce would be granted or on what grounds). *But see Chaplain* [*v. Chaplain*], 54 Va. App. [762,] 768-69 [(2009)] (order upholding a premarital agreement adjudicated the principles of a cause when the parties stipulated that the grounds for divorce were not contested and the sole issue to be decided by the circuit court was the validity of the premarital agreement).

*Bajgain*, 64 Va. App. at 449-50.

## CONCLUSION

For the reasons stated above, the appeal is dismissed without prejudice.

*Dismissed.*