# Richmond.

### BEATTY v. BEATTY.

#### March 22, 1906.

1. APPEAL AND ERROR—*Premature Appeal—Suit for Alimony—Decree for Temporary Support and Order of Reference.*—Upon a bill filed by a wife against her husband to secure a permanent separate maintenance for herself and infant daughter, it is premature to allow an appeal from a decree overruling defendant's demurrer to the bill, and, without deciding any question in the cause, awarding the plaintiff a *pendente lite* allowance for support, costs to date, including attorney's fee, and referring the cause to a commissioner to ascertain the value of the estate and income of the husband, and what would be a reasonable allowance to the wife for the support of herself and her child, and for fees to her counsel. The cause should be proceeded with further in the trial court, and the rights of the parties be there adjudicated, before an appeal is allowed. This court will not undertake to adjudicate the rights of the parties in advance of a decision of the trial court.

Appeal from a decree in chancery of the Corporation Court of the city of Newport News. Decree in favor of the complainant. Defendant appeals.

*Appeal dismissed.*

The opinion states the case.

*A Johnston Ackiss,* for the appellant.

*John W. Friend* and *W. E. Barrett,* for the appellee.

HARRISON, J., delivered the opinion of the court.

The bill in this cause was filed by Hattie L. Beatty, alleging that her husband, J. P. Beatty, had turned her and their daughter, Margaret, a child about twelve years of age, out of doors, and had abandoned them in distress for want of the necessaries of life; that although her husband had sufficient means, he had wantonly and cruelly refused and neglected to provide suitable maintenance for herself and their child. The prayer of the bill is that the said Beatty may, upon the final hearing, be required to pay complainant such reasonable sums of money for the support of herself and their daughter as their necessities may require, and his ability may justify; and that by like decree he may be required to pay complainant such sums of money during the pendency of her suit as may be needful for the support of herself and child, and to defray the expenses of her suit.

The defendant demurred to the bill and filed an answer denying its material allegations. Evidence was taken, and upon the hearing a decree was entered, overruling the demurrer, awarding the plaintiff a *pendente lite* allowance for her support until the further order of the court; and requiring the defendant to pay the costs of suit incurred by the complainant to the date of the decree, including a fee of $100 to her counsel. Thereupon the cause was referred to a commissioner in chancery to inquire and report upon the value of the real and personal property of the defendant, and the amount of his reasonable income from all sources; what would be a reasonable allowance to be paid by the defendant for the support of the complainant and her child; and what would be a reasonable attorney's fee to her counsel. In making these inquiries the commissioner is directed to consider all evidence then in the cause

and such other evidence as may be offered by either party, and to return all evidence that may be taken before him to the court. From this interlocutory decree an appeal was allowed to this court.

The statute, Va. Code, section 3466, provides that a petition for appeal shall be rejected when it is from an interlocutory decree or order, if the court or judge to whom it is presented deems it proper that the case should be proceeded in further in the court below before an appeal is allowed therein.

Beyond making certain preliminary and temporary allowances, nothing was decided; on the contrary the cause was referred to a commissioner to take evidence and make certain inquiries, which the court deemed essential before finally adjudicating the rights of the parties. The decree appealed from had not responded to the chief object of the suit, which was to secure a permanent separate maintenance from the husband. If upon the incoming of the report the court was of opinion that the complainant was not entitled to the relief sought, her bill could and would have been dismissed without a petition to rehear the decree appealed from.

For this court to pass upon the merits of the cause at this stage of the proceedings would be to finally adjudicate the rights of the parties in advance of such an adjudication by the lower court. We are of opinion that the cause should have been proceeded in further before an appeal was asked for or allowed.

For these reasons this appeal must be dismissed as improvidently awarded.

*Appeal dismissed.*