COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Moon, Judge Coleman and Senior Judge Hodges
Argued at Richmond, Virginia


SA'AD EL-AMIN

v.        Record No. 0282-94-2        MEMORANDUM OPINION[*]
                                      BY JUDGE SAM W. COLEMAN III
CAROLYN ADAMS                               MAY 16, 1995

            FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                    Robert L. Harris, Sr., Judge

        (Sa'ad El-Amin; Beverly D. Crawford; El-Amin &
        Crawford, P.C., on brief), for appellant.

        David D. Hopper (Mezzullo & McCandlish, on brief),
        for appellee.


    Sa'ad El-Amin appeals a circuit court order entered in a

debtor interrogatory proceeding, Code § 8.01-506, that directed

him to deposit with the court his stock certificates in a

professional law corporation.  The debtor interrogatory

proceeding was an ancillary procedure to enforce a judgment

against El-Amin for spousal and child support arrearages.

El-Amin contends the court erred, for a number of reasons, in

ordering him to deposit his stock with the court.  For the

reasons that follow, we affirm the trial court.

                              I.

    The Court of Appeals has subject matter jurisdiction over

"[a]ny final judgment, order or decree of a circuit court

involving . . . divorce [and] . . . spousal or child support."

─────────────
        [*] Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Code §§ 17-116.05(3)(b) and (d). Because the debtor interrogatory proceeding is an ancillary measure to enforce support provisions of a divorce decree, this Court has subject matter jurisdiction. See Code §§ 17-116.05(3)(b) and (d).

Furthermore, the Court of Appeals has jurisdiction over "[a]ny interlocutory decree or order entered in any [case involving divorce, spousal or child support] adjudicating the principles of a cause." Code § 17-116.05(4). To adjudicate the principles of a cause, an order must "respond to the chief object of the suit." Pinkard v. Pinkard, 12 Va. App. 848, 852, 407 S.E.2d 339, 341-42 (1991) (quoting Beatty v. Beatty, 105 Va. 213, 215, 53 S.E. 2, 3 (1906)). The trial court's order requiring El-Amin to deliver his stock certificate to the court, presumably to liquidate El-Amin's interest in the corporation to satisfy the judgment, is a determination that would necessarily affect his property rights and, therefore, "would of necessity affect the final order in the case." Pinkard, 12 Va. App. at 851, 407 S.E.2d at 341. Accordingly, an appeal of the interlocutory order is authorized.

II.

El-Amin contends that the trial court lacked authority to require him to deliver his stock certificate and to require him to cause the stock certificates to be re-issued in his name individually, rather than in his and his wife's name as tenants by the entireties. Code § 8.01-507 states:
**Conveyance or delivery of property disclosed**

-2-

> **by interrogatories.** . . . . [A]ny money, bank
> notes, securities, evidences of debt, or
> other personal estate, tangible or
> intangible, which it may appear by such
> [interrogatory] answers are in possession of
> or under the control of the debtor or his
> debtor or bailee, <u>shall</u> be delivered by him
> or them, as far as practicable, to such
> officer, or to some other, or in such manner
> as may be ordered by the commissioner or
> court.

(emphasis added). This section expressly empowered the circuit

court to require that El-Amin deliver his property, including

stock certificates, to the court.

El-Amin cites Code §§ 13.1-549.3 and 13.1-550 as prohibiting

him from transferring his stock in a professional legal

corporation to the court. Former Code § 13.1-549.3 states:

> **Special provisions for law corporations as to
> qualifications of shareholders.**—A
> professional corporation engaged in the
> practice of law may issue shares of its
> capital stock to individuals duly licensed to
> practice law in Virginia or another state.

This section specifically deals with the issuance of capital

stock <u>by the corporation</u>. The section says nothing about

prohibiting a court from effectuating a transfer or liquidation

of stock.

Code § 13.1-550 states:

> **Transfer of shares.**—No <u>shareholder</u> of a
> corporation organized under this chapter may
> sell or transfer his shares in such
> corporation except to said corporation or
> another individual who is eligible to be a
> shareholder of such corporation.

(emphasis added).

Code § 13.1-549.3 restricts the authority of a professional legal corporation to issue capital stock to anyone other than licensed attorneys. Code § 13.1-550 places a similar restriction upon shareholders. While the statutes may have a bearing upon the disposition that a court may make of the stock, the statutes do not preclude a court of proper jurisdiction from seizing or taking control of the stock and liquidating it as authorized by law. The statutes do not prohibit the liquidation or alienation of stock in a legal professional corporation; the statutes only provide that the stock may only be transferred to the corporation or to "another individual who is eligible to be a shareholder."

The trial court's order did not direct that legal title or ownership of the stock certificates be transferred to the court. The court ordered that El-Amin "transfer" the stock "to this court." We construe the order to mean that El-Amin was required to deliver physical control and custody of the stock certificates to the court. While the record does not make clear what the court intended to do with the stock certificates, delivery of the certificates to the court was a necessary step to protect the status quo. The court's physical custody of the instruments of ownership was required for the court to take the steps necessary to liquidate the stock and transfer ownership or to pursue such other remedies as are available to a judgment creditor.

A circuit court has authority under debtor interrogatory proceedings, Code § 8.01-506, when accompanied by a writ of _fieri_

-4-

facias, to identify and levy upon the personal property of a judgment debtor. While the market for stock in a professional legal corporation may be limited, the shares of stock are not sheltered from the debts of the shareholder. See Street v. Sugarman, 202 So.2d 749 (Fla. 1967); Gulf Mortgage and Realty Investments v. Alten, 422 A.2d 1090 (Pa. Super. Ct. 1980); McAllester v. Andrews, 14 B.R. 356 (Bankr. M.D. Tenn. 1981). The trial court had statutory authority to order El-Amin, a judgment debtor, to deliver stock certificates in his possession or control, including those in a professional legal corporation, so that El-Amin's interest could be liquidated according to law.

III.

El-Amin next contends that the trial court erred by finding that he and his wife did not own the stock in the professional corporation as tenants by the entirety. At the time the debtor interrogatory proceeding was filed, the corporation had not issued the stock certificates to its shareholders. At the October 11, 1993, debtor interrogatory, El-Amin testified that he owned fifty percent of the stock in the professional corporation and that his wife, Beverly Crawford, owned the other fifty percent.

The evidence proved that during various discussions concerning ownership and formation of the professional corporation, El-Amin made no mention that the stock was owned as tenants by the entirety. Similarly, when he was ordered to

-5-

deliver or transfer the stock to Adams and then to the court, he did not mention that the stock was owned as tenants by the entirety. Thus, credible evidence supports the trial judge's finding that El-Amin and Beverly Crawford individually owned fifty percent of the stock in the professional corporation and had not intended to own the stock as tenants by the entirety with the right of survivorship as at common law. The evidence supported the trial judge's finding that El-Amin had fifty percent of the stock issued in this manner after the interrogatories in an effort to defeat his judgment creditor. Thus, we affirm the trial judge's order directing El-Amin to have the stock certificate reissued by the corporation in his name individually, and to deliver the certificate to the court.

IV.

El-Amin finally contends that the trial court erred by "ordering" him and El-Amin & Crawford, P.C., to make no expenditures of more than $3,000 or any expenditures out of the ordinary course of business. The court's order states:

> 4. ORDERED that El-Amin shall prevent El-Amin and Crawford, P.C. from making any expenditures outside the ordinary course of business until a final determination as to the disposition of the stock; and it is further
> 5. ORDERED that any payment of salary by El-Amin & Crawford, P.C. of more than $3,000 per month to any employee shall be deemed by the Court a payment outside the ordinary course of business in violation of this order; . . . .

The trial court had personal jurisdiction over El-Amin. It

had no jurisdiction over the professional legal corporation, El-Amin & Crawford, P.C., and did not attempt to exercise any control over the corporation. However, El-Amin is a principal and shareholder in El-Amin & Crawford, P.C. The court's order directed him to use the means available to him as a principal of El-Amin & Crawford, P.C. to prevent expenditure of the corporation's assets outside the ordinary course of business. As a principal and major shareholder in the corporation, El-Amin is entitled to share in the corporate profits and owns an interest in the corporate assets. The trial judge did not err in ordering that El-Amin, as a principal in the corporation, take reasonable measures to assure that the assets of the corporation would not be depleted while still enabling the corporation to carry on its regular course of business.

Paragraph No. 5 of the court's order states that payments in excess of $3,000 per employee per month for salary "shall be deemed" to be an expenditure outside the ordinary course of business. The order in this respect is directory and does not on its face restrict or require El-Amin & Crawford, P.C., over whom no jurisdiction exists, to perform any act. However, we find that the trial court did not abuse its discretion by entry of the order. Only upon El-Amin's failure to make a good faith effort to comply with the order may sanctions be imposed against him.

V.

Because the appeal is of right, rather than a petition for

appeal, Code § 8.01-676.1(E), and because no increase in the amount of the appeal bond had been ordered at an earlier stage in the appeal process, we deny the request at this stage to require El-Amin to post an appeal bond for the amount of the judgment.

For the foregoing reasons, we affirm the trial court and remand this case for such further proceedings as are necessary.

<u>Affirmed and remanded.</u>