COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Bumgardner and Frank


GARY DOUGLAS LEE

                                        MEMORANDUM OPINION[*] BY

v.    Record No. 1888-99-3          JUDGE ROBERT P. FRANK
                                             OCTOBER 3, 2000

ROBIN ELAINE COWAN LEE


FROM THE CIRCUIT COURT OF LEE COUNTY
Ford C. Quillen, Judge

(Timothy W. McAfee, on brief), for appellant.
Appellant submitting on brief.

(C. M. Callahan, Jr., on brief), for
appellee.  Appellee submitting on brief.


Gary Douglas Lee (husband) appeals the decision of the trial court awarding child support and spousal support to Robin Lee (wife).  On appeal, husband contends the trial court erred in:  1) awarding an increase in the <u>pendente</u> <u>lite</u> child support; 2) awarding an increase in the <u>pendente</u> <u>lite</u> spousal support; 3) failing to vacate the <u>pendente</u> <u>lite</u> order; 4) awarding wife permanent spousal support; and 5) determining the award of permanent spousal support to wife.

I.  BACKGROUND

Wife filed a Bill of Complaint on August 1, 1997, seeking a divorce from husband on the grounds of adultery and desertion.  By

---

* Pursuant to Code § 17.1-413, recodifying Code § 17-116.010, this opinion is not designated for publication.

agreement, a <u>pendente</u> <u>lite</u> order was entered on August 8, 1997, requiring husband to pay $550 per month in child support, and, in lieu of spousal support, wife was entitled to withdraw $440 per month from a joint checking account to pay the mortgage payment on the marital residence.

On January 5, 1999, a hearing was held pursuant to husband's notice for equitable distribution. Wife also filed a motion to modify the August 8, 1997 consent order to increase child support and to provide for additional spousal support. The trial court increased child support to $1,000 per month and awarded wife temporary spousal support of $1,000 per month. Husband immediately filed a motion to stay the order and asked for reconsideration. A subsequent hearing was conducted on February 10, 1999, and the trial court refused to amend its January 5, 1999 order. The court entered an order on February 10, 1999, incorporating its previous rulings.

On June 23, 1999, the trial court heard <u>ore</u> <u>tenus</u> evidence on spousal support and on the grounds of divorce and entered the final decree of divorce, reserving jurisdiction over matters of equitable distribution.

The first three issues raised by husband involve the January 5, 1999 hearing, which modified the <u>pendente</u> <u>lite</u> consent order of August 8, 1997. The January 5, 1999 hearing also afforded wife <u>pendente</u> <u>lite</u> relief, which was an interlocutory decree.

-

This Court has no jurisdiction to entertain appeals of interlocutory decrees that do not adjudicate the principles of a cause.[1]

The Supreme Court of Virginia, in addressing this issue, has held that an award of <u>pendente</u> <u>lite</u> support is an interlocutory order that does not adjudicate principles of a cause and is therefore not appealable.  <u>See</u> <u>Beatty v. Beatty</u>, 105 Va. 213, 53 S.E. 2 (1906).

Therefore, we dismiss for lack of jurisdiction as to these issues.

_____

[1] Code § 17.1-405 states:

> Any aggrieved party may appeal to the Court of Appeals from:
> 1. Any final decision of a circuit court on appeal from a decision of an administrative agency;
> 2. Any final decision of the Virginia Workers' Compensation Commission;
> 3. Any final judgment, order, or decree of a circuit court involving:
> > a. Affirmance or annulment of a marriage;
> > b. Divorce;
> > c. Custody;
> > d. Spousal or child support;
> > e. The control or disposition of a child;
> > f. Any other domestic relations matter arising under Title 16.1 or Title 20; or
> > g. Adoption under Chapter 11 (§ 63.1-220 <u>et</u> <u>seq</u>.) of Title 63.1;
> 4. Any interlocutory decree or order entered   in any of the cases listed in this section (i) granting, dissolving, or denying an injunction or (ii) adjudicating the principles of a cause.

-

The remaining two issues have been decided in <u>Lee v. Lee</u>, Record No. 2941-99-3 (decided today).  Therefore, we do not write separately.

<u>Dismissed, in part, affirmed, in part, and reversed and remanded, in part.</u>